**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**KISMET COOKE,**
   **Plaintiff,**

vs.             **3:08cv527/MCR/MD**

**ADVANCED FIRE PROTECTION,**
   **Defendant.**

## REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss and supporting memorandum of law (doc. 16 & 17). Plaintiff has filed an amended response to the motion. (Doc. 26).

In plaintiff's second amended complaint she contends that she was discriminated against in violation of the Americans with Disabilities Act. ("ADA"). She asserts that the defendant terminated her employment due to her disability, unspecified "back trouble," without attempting to make any sort of accommodation for her. (Doc. 7).

Defendant moves to dismiss the second amended complaint ("complaint") on three grounds. First, defendant contends that plaintiff's "back trouble" is not a disability under the ADA. The first step in stating an ADA claim is that plaintiff must allege and establish that she has a physical or mental impairment which "substantially limits" one or more of her major life activities. *D'Angelo v. ConAgra*

*Foods, Inc.*, 422 F.3d 1220,1225 (11th Cir. 2005) (citing 42 U.S.C. § 12102(2)).[1] Generic back pain, even that which limits a claimants ability to stand, does not necessarily rise to the level of a disability.  See *Nadler v. Harvey*, 2007 WL 2404705 (11th Cir. 2007); see also *Mahon v. Crowell*, 295 F.3d 585 (6th Cir. 2002).  Furthermore, in this case, the allegations of the complaint indicate that plaintiff was expected to be off work for a total of only two weeks due to her back pain.[2] Statutory disability requires permanent or long term limitations as "temporary, non-chronic impairments of short duration, with little or no longer term or permanent impact, are usually not disabilities."  *Heintzelman v. Runyon*, 120 F.3d 143 (8th Cir 1997) (citing 29 C.F.R. app. § 1630.2(j)); *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 468 (4th Cir. 2002) (an impairment cannot be a "substantial limitation on a major life activity" if it is expected to improve within a relatively short period of time).  Plaintiff's allegations as stated do not establish that she was under a disability as defined in the Act.

Second, defendant contends that to the extent plaintiff attempts to claim a violation of the ADA based on the defendant's failure to accommodate her alleged disability, this claim must fail because plaintiff did not request any accommodation for her condition.  (Doc. 7, ¶ 9 and ¶ 14).  Failure to request such accommodation precludes recovery under the ADA.  See *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999); *Warren v. Volusia County, Florida*, 188 Fed.Appx. 859, 863 (11th Cir. 2006).  Plaintiff does not deny this in her response, but merely states again that she "was not offered any sort of accommodations."  (Doc. 26 at 1).  The court concurs that plaintiff has not stated a claim against the defendant for failure to accommodate her alleged disability.  This is not dispositive of plaintiff's

---

[1] Defendant relies on *Toyota Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002) for the majority of its analysis.  Defendant's counsel is advised to take note that the standards expressed in this case were specifically rejected in Public Law 110-325, 2008 S. 3406, effective January 1, 2009.

[2] Despite the doctor's excuse relieving her from work until March 6, 2007, plaintiff reported for work on February 21, 2007 in an attempt to help out with a backload of work.  It was then that she was terminated.

*Case No: 3:08cv527/MCR/MD*

claim that she was terminated due to her disability, however.

Finally, defendant asserts that plaintiff failed to allege that she complied with the conditions precedent for bringing a complaint under the ADA, specifically that she failed to allege when she filed her initial charge of discrimination and when she received her Notice of Right to Sue. The fact that plaintiff failed to fill in the blanks on questions 5 and 10 on the complaint form is not fatal to her case, particularly since the Right to Sue letter, dated August 20, 2008, is attached to the complaint. Defendant also argues, however, that plaintiff failed to file suit within 90 days after receiving the Notice of Right to Sue, as required by law.  See *Green v. Union Foundry Co.,*, 281 F.3d 1229, 1233-34 (11th Cir. 2002) (citing 42 U.S.C. § 2000e-5(f)(1); *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) (ADA and Title VII procedural prerequisites are identical); *Profit v. Americold Logistics*, *L.L.C.*, 248 F.R.D. 293, 298 n.1 (N.D. Ga. 2008).  Once the defendant contests the timeliness of plaintiff's filing, the plaintiff has the burden of establishing that she met the ninety day filing requirement.  *Green*, 281 F.3d at 1234.  The record reflects that this case was filed on November 24, 2008. In her response, plaintiff appears to assert that she received the Right to Sue letter on August 20, 2008, the date it was signed.  (Doc. 26 at 2).  The 90th day following receipt of the letter therefore would have been November 18, 2008.  If that is so, this case was untimely filed, and is subject to dismissal.

Accordingly, it is respectfully RECOMMENDED:

Defendant's motion to dismiss (doc. 16) be GRANTED and plaintiff's second amended complaint be dismissed.

That this dismissal be without prejudice to plaintiff's filing, within twenty days of an order adopting this recommendation, of a third amended complaint that corrects the legal deficiencies identified by the defendant in its motion.

**DONE and ORDERED this 23rd day of June, 2009.**

/s/ *Miles Davis*
        **MILES DAVIS**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**