IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KISMET COOKE,**
       **Plaintiff,**

**vs.**                                                          **3:08cv527/MCR/MD**

**ADVANCED FIRE PROTECTION SERVICES,**
       **Defendant.**

---

**REPORT AND RECOMMENDATION**

Before the court is defendant's motion to dismiss plaintiff's third amended complaint and supporting memorandum of law (doc. 37 & 38).  Plaintiff has filed what she captioned an "amended" response to the motion.  (Doc. 40).

Plaintiff Kismet Cooke was employed by defendant Advanced Fire Protection Services from August 29, 2006 through February 21, 2007. She claims in her third amended complaint[1] that she was discriminated against in violation of the Americans with Disabilities Act  ("ADA" or "the Act"), when the defendant terminated her employment due to her disability, "back trouble," and failed to accommodate her disability by allowing her time off as required by her doctor. (Doc. 36 at 2, 7).  Plaintiff states that on February 20, 2007 her husband gave a coworker[2] a doctor's excuse to be released from work for two weeks due to back pain.  Plaintiff

---

[1] This complaint was filed after the court granted defendant's motion to dismiss plaintiff's second amended complaint without prejudice to her filing a complaint that corrected the legal deficiencies identified by the defendant in its motion to dismiss. (Doc. 35)

[2] A continuation page appended to the original complaint after the EEOC charging document states that plaintiff asked co-worker Lisa Sugarman to give the work excuse to her supervisor.  In the most recent version of the complaint, plaintiff states that her husband gave Ms. Sugarman the notice.

asserts that this written excuse was provided only after she had made several calls to inform another supervisor of her condition. Despite the doctor's excuse, plaintiff reported to work on February 21, 2007 in an attempt to assist with a huge work load pending at that time. She was terminated at this time. It was only when she requested a written termination letter that she learned that her termination was allegedly a result of poor performance. Plaintiff contends that she had never been reprimanded or counseled about her performance, although this would have been company policy. She notes that her back condition was ongoing from February 11, 2007, and that she had been declared disabled by the Social Security Administration with an onset date of February 20, 2007. Appended to the complaint are the following exhibits: the results of an investigation by the EEOC reflecting that plaintiff was disabled, but that there was insufficient evidence to conclude that she had been discriminated against, the resulting notice of Right to Sue from the EEOC, a letter from the Florida Commission on Human Relations indicating that plaintiff should pursue federal remedies, phone records from February 14, 2007 through February 20, 2007 which purport to show plaintiff's calls to her supervisor during the time period at issue, the defendant's Policy and Procedures forms with respect to oral and written reprimands, extensive medical records detailing plaintiff's treatment for back problems and other issues, and a fully favorable decision from the Office of Disability Adjudication and Review which reflected a finding that plaintiff was disabled from February 20, 2007.

In ruling on a motion to dismiss, plaintiff's well-pled allegations are accepted as true and construed in the light most favorable to her. *Sinaltrainal v. Coca-Cola Co.*, 2009 WL 2431463 (11th Cir. 2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Nonetheless, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal. *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

(2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Sinaltrainal v. Coca-Cola Co.*, 2009 WL 2431463 (11th Cir. 2009). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Iqbal,* 129 S.Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-1969, 1974 (2007) (retiring the "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

A document outside the four corners of the complaint may be considered in ruling on a motion to dismiss if it is central to the plaintiff's claims and is undisputed in terms of authenticity. *Maxcess, Inc. V. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (citing Horsley v. Feldt, 304 F.3d 1125, 1135 (11th Cir. 2002)). When an exhibit attached to a complaint contradicts general and conclusory allegations within the complaint, the exhibits control. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009); *Griffin Industries, Inc. v. Irvin,* 496 F.3d 1189, 1206 (11th Cir. 2007); See Thompson v. Illinois Dept. of Professional Regulation, 300 F.3d 750, 754 (7th Cir. 2002) ("The fact remains that where a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim.").

Defendant moves to dismiss the third amended complaint ("complaint") on four grounds. The first two are dispositive of this case.[3] First, defendant contends that plaintiff's "back trouble" is not a disability under the ADA. The first step in stating an ADA claim is that plaintiff must allege and establish that she has a

---

[3] The third ground for dismissal is that plaintiff's Charge of Discrimination was insufficient to state a claim for failure to accommodate, as the only issue identified on that form was "termination;" plaintiff failed to mark the line next to "Accommodation of Disability." As a result, the issue of accommodation was not addressed by the investigation. The fourth ground for dismissal is that as reflected in the EEO notice of investigation, defendant had a legitimate, non-discriminatory reason for terminating plaintiff: her poor performance, about which she had been counseled, and excessive absenteeism.

*Case No: 3:08cv527/MCR/MD*


physical or mental impairment which "substantially limits" one or more of her major life activities. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225 (11th Cir. 2005) (citing 42 U.S.C. § 12102(2)). Generic back pain, even that which limits a claimant's ability to stand, does not necessarily rise to the level of a disability. See *Nadler v. Harvey*, 2007 WL 2404705 (11th Cir. 2007); see also *Mahon v. Crowell*, 295 F.3d 585 (6th Cir. 2002). Statutory disability requires permanent or long term limitations as "temporary, non-chronic impairments of short duration, with little or no longer term or permanent impact, are usually not disabilities." *Heintzelman v. Runyon*, 120 F.3d 143 (8th Cir 1997) (citing 29 C.F.R. app. § 1630.2(j)); see also *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 468 (4th Cir. 2002) (an impairment cannot be a "substantial limitation on a major life activity" if it is expected to improve within a relatively short period of time; a temporary impairment does not fall within the ADA definition of "disability"); *Sutton v. Lader*, 185 F.3d 1203, 1209 (11th Cir. 1999) (temporary inability to work while recuperating from surgery is not a permanent or long-term impairment and does not constitute evidence of a disability covered by the ADA) (citations omitted). In this case, plaintiff does not specifically allege that her physical impairment "substantially limited one or more of her major life activities," although she did check the box on the complaint form stating that she had been discriminated against because of her disability.

In addition to having an impairment that substantially limits a major life activity, to qualify as "disabled" under the Act, plaintiff must have either a "record of [a life limiting] impairment" or must be "regarded as having such an impairment." Title 42 U.S.C. § 12102(2)(B) & (C). Defendant argues that the third amended complaint and attachments thereto clearly and unequivocally establish that plaintiff did not have a disability when she was terminated on February 21, 2007. Defendant points to medical records dated February 20, 2007 which indicate that plaintiff injured her back one week prior when she bent over to pick up a t-shirt, although another portion of the same records reflect "many exacerbations" of plaintiff's low

back pain since a 1995 motor vehicle accident. (Doc. 36-3 at 3). Defendant also notes that despite plaintiff's complaints of back pain, these records reflect that plaintiff was medically released on February 20, 2007 without limitations. (Doc. 36-3 at 4). The record also reflects, in apparent contradiction, that plaintiff was found by ALJ Ricardo Ryan to have been disabled as of February 20, 2007. This determination was not made until July 21, 2009, however, well over two years after the defendant's decision to terminate the plaintiff. While plaintiff offers Judge Ryan's finding as "proof" that she was disabled under the ADA from that date, a declaration of disability by the Social Security Administration neither directs nor precludes an award of benefits under the ADA. See e.g., *Swanks v. Washington Metropolitan Area Transit Authority*, 116 F.3d 582, 583, 586 (D.C. Cir. 1997); *Weigel v. Target Stores*, 122 F.3d 461, 466-467 (7th Cir. 1997); *Robinson v. Neodata Servs., Inc*., 94 F.3d 499, 502 n. 2 (8th Cir. 1996); cf. *Krouse v. American Sterilizer, Co.*, 126 F.3d 494, 503 n.3 (3rd Cir. 1997); *Cleveland v. Policy Management Systems, Corp.*, 526 U.S. 795, 119 S.Ct. 1597, 143 L.Ed. 2d 966 (1999).

Perhaps more critical to the court's analysis of whether plaintiff was under a disability as defined in the Act at the time of her termination is the fact that at the time, the doctor's excuse reflected that plaintiff was expected to be off work for a total of only two weeks due to her back pain.[4] Such a short leave of absence is not the "permanent or long term limitation" contemplated by 29 C.F.R. § 1630.2(j), and the controlling case law cited above. In addition, plaintiff has not identified any accommodation she requested other than the two weeks off from work, which defendant failed to provide. This suggests that plaintiff believed, at least at the time, that she could have returned to her regular duties without additional accommodation after this leave of absence. It is not reasonable to posit under these circumstances that an objectively reasonable employer would regard the plaintiff as more disabled

---

[4]Despite the doctor's excuse relieving her from work until March 6, 2007, and despite her intense pain, plaintiff reported for work on February 21, 2007 in an attempt to help out with a backload of work. It was then that she was terminated.

than she viewed herself, or that such an employer would reasonably have viewed her as having a substantially life-limiting impairment as defined by the ADA, such that she would be classified as an individual with a disability under the ADA. Absent such a classification, she cannot prove a claim for discrimination.

Second, defendant contends that plaintiff's complaint should be dismissed to the extent she attempts to assert an ADA claim based on defendant's failure to accommodate her alleged disability. Defendant contends that in previous versions of plaintiff's complaint, she stated under penalty of perjury that defendant did not deny a request for accommodation. (See, paragraph ¶ 14 of each previously filed complaint). It was only in plaintiff's third amended complaint, in response to the court's order on defendant's previous motion to dismiss, that she first claimed that defendant denied a request for reasonable accommodation. Failure to request an accommodation precludes recovery under the ADA. *Gaston v. Bellingrath Gardens & Home*, 167 F.3d 1361, 1363 (11th Cir. 1999); *Warren v. Volusia County, Florida*, 188 Fed. Appx. 859 (11th Cir. 2006) (citing *Gaston*). Taking the facts in the light most favorable to the plaintiff, the court accepts the plaintiff's allegation in her third amended complaint that her request for two weeks off of work was her "specific demand for an accommodation." *Gaston*, supra. However, even so, in light of the analysis set forth above, defendant's failure to provide the only identified "accommodation" does not establish an ADA violation because plaintiff was not an individual with a disability as defined in the Act.

Based on the foregoing, it is respectfully RECOMMENDED:

Defendant's motion to dismiss (doc. 37) be GRANTED and plaintiff's third amended complaint be dismissed with prejudice, and the clerk be directed to close the file.

**DONE and ORDERED this 21st day of October, 2009.**

/s/ *Miles Davis*
       **MILES DAVIS**
       **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**